[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-13938

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN PERRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cr-00486-WMR-AJB-1

_____

Before NEWSOM, GRANT, and BRASHER, Circuit Judges.

PER CURIAM:

Kevin Perry appeals his sentence of seven months' imprisonment followed by 29 months' supervised release—a sentence the district court imposed after Perry violated his supervised-release conditions. Because the court did not abuse its discretion by imposing that sentence, we affirm.

## I.

After Perry pleaded guilty to one count of wire fraud, *see* 18 U.S.C. § 1343, he was sentenced to 41 months in prison followed by three years of supervised release, and ordered to pay restitution. A few months into his term of supervised release, the Probation Office filed a petition alleging that Perry had violated several conditions of supervision. At the revocation hearing, Perry then admitted to leaving the judicial district without permission, repeatedly testing positive for drug use, repeatedly failing to report for a drug screen, failing to attend a substance abuse treatment program, and failing to pay restitution in accordance with his payment schedule.

Based on his admissions, the court determined that he committed Grade C violations and calculated a guidelines range of three to nine months' imprisonment. After hearing arguments from Perry and the government, the court revoked his supervised release and sentenced him to seven months in prison followed by 29 months' supervised release. The court imposed the new release

period by subtracting the seven-month custodial sentence from 36 months, the maximum term of supervised release allowable based on the kind of felony for which Perry was convicted. *See* 18 U.S.C. §§ 3583(b)(2), (h).

Perry appealed, challenging the substantive reasonableness of his sentence.

## II.

We review the substantive reasonableness of a sentence, including one imposed upon revocation of supervised release, under a deferential abuse of discretion standard. *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal marks omitted).

## III.

The district court did not abuse its discretion by imposing a seven-month custodial sentence followed by 29 months' supervised release.

When a defendant violates conditions of supervised release, a district court can revoke the term of that release and impose both a new prison term and a new term of supervised release after considering most of the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. §§ 3583(c), (e), (h); *United States v. Gomez*, 955 F.3d 1250,

1257–58 (11th Cir. 2020). These factors include the offense's nature and circumstances; the defendant's history and characteristics; the need to deter criminal conduct, protect the public, and provide the defendant with necessary educational or vocational training, medical care, or other correctional treatment; the kind of sentence and the sentencing range established by applicable guidelines or policy statements; pertinent policy statements; the need to avoid unwarranted sentence disparities; and the need to provide restitution to victims. 18 U.S.C. § 3583(e) (cross-referencing *id.* §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7)).

Ultimately, the party challenging a sentence bears the burden of establishing its unreasonableness. *King*, 57 F.4th at 1337–38. And that burden is not an easy one—a district court need not discuss each of the factors above, *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013), and the weight given to each factor is committed to the court's sound discretion, *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022).

Here, Perry has not established that his sentence was substantively unreasonable. As the record reveals, the district court considered the section 3553(a) factors to arrive at the sentence it imposed. The court considered the nature and circumstances of Perry's offenses, as well as his history and characteristics under supervision, when it explained that Perry repeatedly violated his conditions for supervised release by "smoking weed and by not showing up for his drug tests" and that his poor conduct under supervision indicated he needed to "grow up." *See* 18 U.S.C. § 3553(a)(1).

24-13938                Opinion of the Court                5

It considered the need to provide adequate deterrence and to protect the public when it discussed the consequences drug use could have on road safety and listened to the parties discuss Perry's pattern of noncompliance and his risk of recidivism. *See id.* at §§ 3553)(a)(2)(B), (C). It considered the need to provide restitution to victims, when it engaged discussion on Perry's failure to make restitution payments during the months he absconded from supervision. *See id.* at § 3553)(a)(7). And, Perry's seven-month sentence was both within the guidelines range and below the statutory maximum for wire fraud, a Class C felony—which further attested to the sentence's reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008); 18 U.S.C. §§ 1343, 3559(a)(3), 3583(e)(3). Likewise, his supervised-release term fell within the allowable range for Class C felonies upon revocation of supervised release. *See* 18 U.S.C. §§ 3583(b)(2), (h); *United States v. Trailer,* 827 F.3d 933, 936 (11th Cir. 2016) (affirming supervised release term in part because it fell within statutory range provided by section 3583(h)).

Perry makes two arguments challenging the substantive reasonableness of his sentence, but both fail. First, he argues the sentence was impermissibly grounded in "retribution"—a factor he says is rooted in 18 U.S.C § 3553(a)(2)(A), which he says Congress excluded from the list of factors a district court can consider when imposing a sentence after revoking supervised release. *See* 18 U.S.C. §§ 3583(c), (e). And as he notes, the Supreme Court recently granted certiorari on whether a district court can rely on the section 3553(a)(2)(A) factors when revoking supervised release. *See*

*Esteras v. United States*, No. 23-7483, ___ U.S. ___, 145 S. Ct. 413, 220 L.Ed.2d 169 (2024). A problem for Perry, however, is the record hardly suggests the court relied on those factors. The court never mentioned retribution or section 3553(a)(2)(A). And the things it did discuss, as explained above, fit within other section 3553(a) factors. Perry rests his retribution argument solely on the fact that the length of his custodial sentence, seven months, was based on the seven months he failed to report to probation while on supervised release. But seven months' imprisonment was within the guidelines range, *see Gonzalez*, 550 F.3d at 1324, and by considering the amount of time Perry spent in noncompliance, the court considered—as it needed to—Perry's "history" and the "circumstances" of his violations. *See* 18 U.S.C. § 3553(a)(1).

In any event, even if the court relied on factors from section 3553(a)(2)(A)—something we recognize *Esteras* will likely address down the road—nothing in our case law precluded the court from relying on those factors. *See King*, 57 F.4th at 1338 n.1 (explaining that "this Court has not resolved" the question of whether "courts [can] consider § 3553(a)(2)(A) when imposing a prison sentence after revoking supervised release"). Thus, we cannot say the district court relied on "an improper or irrelevant factor" or otherwise abused its discretion. *See Irey*, 612 F.3d at 1189 (internal marks omitted).

Second, Perry argues the court failed to give "due consideration to the appropriate § 3553(a)(2) considerations." To start, he argues the court failed to sufficiently consider mitigating factors

such as his youth and history of marijuana use. But the court need not have discussed each of Perry's mitigating factors, *see Butler*, 39 F.4th at 1356, and the record reveals that the court listened to Perry's mitigation arguments at the sentencing hearing. Next, Perry says the court imposed a sentence length greater than necessary to deter criminal conduct, protect the public, and provide him with relevant training, care, or other correctional treatment. *See* 18 U.S.C. § 3553(a)(2). But the court listened to the parties' arguments on the sentence needed to further the purposes set out in section 3553(a)(2); it discussed purposes such as deterrence and protection of the public, by discussing potential road-safety consequences of Perry's drug use; and it imposed a sentence within the guidelines. The court need not have discussed each section 3553(a) factor and was within its discretion to weigh the factors not as Perry would have. *See Butler*, 39 F.4th at 1355; *Kuhlman*, 711 F.3d at 1326. Lastly, Perry suggests the court's sentence was based in part on the possible "smell of marijuana" coming from his friends or family at the sentencing hearing. But as the record reveals, the court stated twice that it did not consider the smell in imposing Perry's sentence. Instead, it mentioned the smell to convey that if Perry were around others using marijuana, it would be hard for him to not do so as well.

In sum, we cannot say the district court abused its discretion and imposed a substantively unreasonable sentence.

## IV.

The district court is **AFFIRMED.**